IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 14 2011

GREGORY C. LANGHAM
_____
CLERK

Civil Action No. 10-cv-02561-BNB

ALAN WAYNE GOCKLEY,

    Applicant,

v.

ANGEL MEDINA, Warden, L.C.F.,

    Respondent.

---

## ORDER OF DISMISSAL

---

Applicant, Alan Wayne Gockley, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Limon Correctional Facility in Limon, Colorado. He initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee. For the reasons stated below, the Court will deny the Application and dismiss the action.

I.    Background

Mr. Gockley pled guilty to one count of attempted second degree assault in the Jefferson County District Court in Case No. 03CR0038. Prelim. Resp. at 1. Mr. Gockley received a 2-year sentence in the custody of the DOC, and the sentence was to run consecutively to an 8-year sentence Mr. Gockley was serving from another criminal case, 02CR1101. *Id.* at 2. In addition, the 2-year sentence was to run

concurrently with a 6-year sentence Mr. Gockley received in 01CR2760. *Id.* Mr. Gockley did not file a direct appeal.

On May 29, 2003, Mr. Gockley filed a Colorado Rule of Criminal Procedure 35(b) motion to reconsider, which the trial court denied on August 15, 2003. *Id.* Mr. Gockley did not file an appeal.

On June 26, 2009, Mr. Gockley filed a Rule 35(a) motion to correct an illegal sentence, which the trial court denied on August 5, 2009. *Id.* Mr. Gockley filed an appeal to the Colorado Court of Appeals, and the appellate court affirmed on September 2, 2010. *Id.* at 3. Mr. Gockley did not seek certiorari review in the Colorado Supreme Court, and the mandate issued on November 1, 2010. *Id.*

Mr. Gockley then filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this Court on October 20, 2010. On November 10, 2010, Magistrate Judge Boyd N. Boland reviewed the Application and determined that the claims Mr. Gockley was raising must be asserted pursuant to 28 U.S.C. § 2241 because they called into question the execution, and not the validity, of Mr. Gockley's sentence and underlying conviction. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Accordingly, Magistrate Judge Boland directed Mr. Gockley to file an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, which Mr. Gockley submitted to the Court on November 23, 2010.

On December 17, 2010, Magistrate Judge Boland directed Respondent to file a preliminary response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under *Montez v.*

*McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). After receiving an extension of time, Respondent submitted a preliminary response on February 8, 2011. Mr. Gockley filed a reply on February 23, 2011.

In the Amended Application, Mr. Gockley asserts one claim. He alleges that the DOC initially found his 2-year sentence in 03CR38 to run concurrently with his 6-year sentence in 01CR2760. Amended Application at 3. He asserts that in May of 2009, the DOC changed the construction of his sentence in order to run the 2-year sentence consecutively to his 6-year sentence. *Id.* Mr. Gockely asserts that he now has been held past the "maximum expiration" of his sentence, and that his Fourteenth Amendment right to due process has been violated. *Id.*

II.     Exhaustion and Procedural Default

Respondent argues that Mr. Gockley has failed to exhaust this claim because he failed to present it as a federal constitutional claim to the state courts. Prelim. Resp. at 5-7. Respondent further argues that the claim is now procedurally defaulted. *Id.*

Mr. Gockley is required to exhaust state remedies before he may pursue his claims in a habeas corpus action in this Court. **See** *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005). Like other habeas petitioners, a § 2241 petitioner fulfills the requirement to exhaust state remedies once the issue has been "fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). This requirement "is satisfied if the federal issue has been properly presented to the highest state court." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be

3

overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"Generally speaking, [the Court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Mr. Gockley's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Upon review of Mr. Gockley's opening brief on appeal of his Rule 35(a) motion,

4

the Court agrees that Mr. Gockley failed to present his claim as a federal constitutional one to the state courts. In the appeal, Mr. Gockley cited only to the Colorado Revised Statutes and Colorado state cases applicable to his claim. **See** Prelim. Resp. at Ex. 2, p. 6-9. Mr. Gockley did not cite to any specific provision of the federal Constitution, did not cite to any federal case law or statute, and did not label the claim as a "federal" claim. **See Baldwin v. Reese**, 541 U.S. 27, 32-33 (2004). Mr. Gockley failed to set forth any argument which would have alerted the state court to particularized claims of violations of his federal constitutional rights such as those he brings in this Court. Moreover, the appellate court did not recognize or treat Mr. Gockley's claim as raising any federal constitutional question. **See** Prelim. Resp. at Ex. 4.

In order to allow the state courts the opportunity to act on or correct the constitutional violations Mr. Gockley alleges, he must do more than just invoke magic words which may possibly be interpreted to raise a constitutional claim. Instead, he must provide legal theory explaining how the decisions of the state court violated the particular federal constitutional rights he claims were violated. **See, e.g., Anderson**, 459 U.S. at 78 (claim on direct appeal that jury instruction was reversible error did not fairly present due process challenge to instruction for habeas exhaustion purposes); *Picard*, 404 U.S. at 276-77 (holding that habeas petitioner failed to fairly present federal claim to state court where, despite presenting all necessary facts, petitioner failed to assert specific argument that he later tried to raise in federal court); **see also Thomas v. Gibson**, 218 F.3d 1213, 1221 n. 6 (10th Cir. 2000) (holding that petitioner's general state court claim was insufficient to exhaust his later, more specific federal habeas

5

claim). Accordingly, the Court finds that Mr. Gockley failed to exhaust state court remedies for his claim because he failed to raise it as asserting a violation of his federal constitutional rights.

With limited exceptions that are not applicable here, the Colorado Rules of Criminal Procedure bar Mr. Gockley from raising a claim in a post-conviction motion that was already raised on post-conviction appeal. See Colo. R. Crim. P. 35(c)(3)(VI) ("The court shall deny any claim that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant"); Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); **see also People v. Bastardo**, 646 P.2d 382, 383 (Colo. 1982) (stating that post-conviction review is not available to address under a recently contrived constitutional theory issues that were raised previously). Therefore, the Court finds that Mr. Gockley has procedurally defaulted this claim.

Mr. Gockley also has failed to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claim will result in a fundamental miscarriage of justice. His claim, therefore, is procedurally barred from federal habeas review and must be dismissed. Accordingly, it is

ORDERED that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is denied and the action is dismissed with prejudice as procedurally defaulted. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this __14th__ day of ____March____, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02561-BNB

Alan Wayne Gockley
Prisoner No. 122027
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on March 14, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk